# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Glynndeavin von Fox, ) | Case No. 2:16-cv-187-RMG-MGB |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Market Street Pavillion Hotel,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the fifteenth of many civil actions recently filed by Plaintiff in this Court, [1] Plaintiff sues the Market Street Pavillion (sic) Hotel. Pretrial proceedings in this action have been referred to the assigned Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the Complaint and submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

## I.  Relevant Law

### A. Liberal Construction for *Pro se* filings

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v.*

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate judge's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

*Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co*., 335 U .S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *aff'd by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because her

allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted

In his IFP motion dated January 14, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm, LLC" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id*. ¶ 3). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id*.). He indicates that he has $900.00 in his bank account. (*Id*. ¶ 4).[3] Plaintiff also indicates he has assets valued at $140,000.00. (*Id*. ¶ 5).

Plaintiff indicates he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses" and no debts or other financial obligations. (*Id.* ¶¶

---

[3] Plaintiff's various IFP motions in his 2016 lawsuits indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Also, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

6, 8). Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts or other monthly expenses, which suggests that he has the ability to pay the filing fee. *See, e.g., Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). In addition, he indicates in his Complaint that he was staying at the defendant hotel "to relax after coming back from Milan, and Europe for the past six months." (DE# 1 at 4). Taken as true, this suggests that Plaintiff has the funds to pay the filing fee. Extended European travel is not usually the hallmark of indigent litigants.

Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee. This case should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A). *See also Justice,* 2012 WL 1801949, at *5 (denying IFP status because plaintiff could pay the filing fee and dismissing four civil lawsuits by the same *pro se* plaintiff); *Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice; plaintiff not entitled to proceed IFP); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (same).[4]

### B. The Complaint Fails to Set Forth a Basis for Subject Matter Jurisdiction, Fails to State a Claim, and is Legally and Factually Frivolous

---

[4] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice is appropriate.

In addition to not being entitled to proceed IFP, Plaintiff has filed a Complaint that fails to set forth any basis for federal subject matter jurisdiction, is duplicative of a state case that has already been dismissed, fails to state a plausible claim for relief, and is factually and legally frivolous.

Plaintiff's Complaint is devoid of any facts or allegations that would suggest a proper basis for federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). A federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also Carter v. Ervin*, Case No. 0:14–cv–00865–TLW-PJG, 2014 WL 2468351, *3 (D.S.C.) ("the court possesses the inherent authority to ensure that … federal jurisdiction exists"), *appeal dismissed*, 585 F.App'x 98 (4th Cir. 2014); *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In his Complaint, Plaintiff relates a long rambling story about his stay at the Market Street Pavillion (sic) Hotel on January 5, 2013. Throughout his narrative, he relates numerous odd and irrelevant details, and complains of the concierge service at the hotel. Plaintiff's allegations are illogical and make very little sense. (DE# 1 at 4-6). For example, Plaintiff complains that:

> I had the concierge club attendant get me a serving of the prepared food as always, and then the concierge of the market street pavillion (sic) hotel showed up out of the elevator approached in an intimidating manner to ask me if I felt alright. I told him that I felt fine, and he stomped off in disgust of me talking to him normally….I asked him if we were in New York City, and he replied that if we were in New York City, I would not be staying at the hotel. I assumed that this was based on my national origin name or my race as a Native American….They know that I am Native American at the hotel, and they know my Prussian/Hessian/Bavarian/Swiss name through their degree requirements for the positions at the hotel.

(*Id*. at 5-6). Plaintiff states he then called and repeatedly demanded the telephone number of Swiss Air from the concierge, but that the concierge told him he was causing trouble at the hotel. (*Id*.). The gist of the Complaint, in Plaintiff's own words, is that the "Charleston Police Department showed up to the hotel room and attempted to write me a ticket for disorderly conduct." (*Id.* at 6). He alleges that he "was extremely embarrassed through a public interpretation of the hotel area itself" and that "the public embarrassment was done for political motivation based on my race."

The allegations of the Complaint are conclusory, illogical, nonsensical, and appear to be the "ramblings of a troubled mind." *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) ("these various complaints are utterly fanciful and are clearly the product of a troubled mind that is … having difficulty grappling with reality"). In sum, Plaintiff's allegations are incomprehensible. The Complaint's allegations fail to state any sort of plausible claim. The Complaint's allegations lack any basis in fact or law, and therefore, are also frivolous.

Even if liberally construed as an attempt to sue the defendant corporation under 42 U.S.C. § 1983, the Complaint fails to state a claim because private conduct is not actionable under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private activity is generally not "state action." *DeBauche v. Trani*, 191 F.3d 499, 506-07 (4th Cir. 1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint does not allege facts indicating that the hotel (or any employee) was acting "under color of state law." *See Asbury v. Tartarsky*, Case No. 8:13–cv–3364–RMG, 2015 WL 1120081, *4 n.5 (D.S.C.) ("the under-color-of-state-law element …reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against

infringement by governments"), *aff'd by* 616 F.App'x 71 (4th Cir. 2015). The Complaint fails to allege any facts indicating conduct by a state actor or that is "fairly attributable to the State."

Although *pro se* complaints are liberally construed, a plaintiff must do more than make vague and conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir.1994); *White v. White*, 886 F.2d 721, 723 (4th Cir.1989). A plaintiff must allege facts that actually support a plausible claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir.2003), *cert. denied*, 540 U.S. 940 (2003). The present Complaint fails to do so, and thus, summary dismissal is appropriate.

Additionally, a state records check reflects that Plaintiff was arrested on January 5, 2013, on various criminal charges, including assault on a police officer (SC statute 16-3-630a) and throwing of bodily fluids (SC statute 24-13-470). In the present civil suit, Plaintiff appears to be challenging the factual basis for pending state criminal charges, which he may not do here. State records also reflect that Plaintiff filed essentially the same "tort" case in state court, which denied leave to proceed IFP and dismissed the case on February 2, 2016. See Charleston County Circuit Court Case No. 2016CP1000515. See http://jcmsweb.charlestoncounty.org.

To the extent Plaintiff is attempting to challenge the basis for pending criminal charges, his claim is not cognizable here. The United States Supreme Court has held that "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.*

With respect to suits based on pending criminal charges, this Court has explained that:

> Although the decision in *Heck v. Humphrey* concerned a conviction, its rationale is also applicable to pending charges. In this regard, Heck has

> been held to bar "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n. 8 (7th Cir.2001); *see Smith v. Holtz*, 87 F.3d 108 (3d Cir.1996) (holding that a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist."); *see also Green v. Dewitt*, 2006 WL 1074983, *3 (D.S.C.2006).

*Vanover v. Blendowski*, Case No. 3:05-2956-DCN-JRM, 2006 WL 3513682, *7 (D.S.C. Dec. 5, 2006). The present lawsuit would appear to imply the invalidity of pending criminal charges against Plaintiff, and thus, the Complaint fails to state a cognizable claim.

### C. Plaintiff Seeks Relief that is Unavailable or Inappropriate

Finally, the *pro se* Plaintiff seeks relief that is unavailable or inappropriate. (DE# 1 at 8, "What I Would Like the Court to Do"). He indicates he would like "the Court to prosecute the Market Street Pavillion (sic) Hotel." (*Id*.). Plaintiff miscomprehends the function of the Court. This Court hears and adjudicates cases, it does not "prosecute" parties on behalf of another party. He further indicates that he would like to be awarded "45% ownership in the Market Street Pavillion (sic) Hotel and Grill 225." (*Id*.). This Court does not award real estate or stock as damages.

### III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 12, 2016
Charleston, South Carolina

The plaintiff's attention is directed to the ***Important Notice*** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).